UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-22007-CV-WILLIAMS

ANGEL J. NUNEZ DEL POZO,

       Petitioner,

v.

TODD M. LYONS, ACTING ICE DIRECTOR
*et al.*,

       Respondents.

_____/

## ORDER

**THIS MATTER** is before the Court on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("***Petition***") filed by Petitioner Angel J. Nunez Del Pozo ("***Petitioner***") (DE 1).  At the time the Petition was filed, Petitioner was confined at the Florida Soft Side South Facility ("***FSSF***") in Ochopee, Florida.[1]  (DE 1 at 1.)  Petitioner has since been transferred to a facility in the Southern District of Florida.  (DE 11; DE 12.)  In the Petition, Petitioner challenges his prolonged detention by immigration officials.  (*Id.* at 6–7.)  As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody.  (*Id.* at 7.)  Respondents oppose the Petition.  (DE 9.)  For the reasons set forth below, the Petition (DE 1) is **DISMISSED without prejudice**.

---

[1] Respondents have filed a notice stating that Petitioner was transferred from FSSS to Krome North Processing Center ("***Krome***") and then to the Federal Detention Center ("***FDC***") in Miami, Florida due to the dangers posed by wildfires in the vicinity of Krome. (DE 11; DE 12.)  Review of the Immigration and Customs Enforcement on-line detainee locator reveals that Petitioner remains confined at the FDC.  *See* https://locator.ice.gov/odls/#/search.  It is unclear from the record if and when Petitioner will be returned to Krome after the dangers posed by the wildfires is abated.

## I.      RELEVANT BACKGROUND

Petitioner is a native and citizen of Cuba who entered the United States in 1986 and adjusted his status to that of a lawful permanent resident ("*LPR*").  (DE 9 at 2 citing (DE 9-1, Ex. A).)  Thereafter, Petitioner was convicted of numerous crimes in the United States.  (*Id.* at 2–3 citing (DE 9-1, Ex. A).)  On January 13, 2004, an Immigration Judge ("*IJ*") entered an order finding Petitioner "removable/inadmissible" and ordered his removal to Cuba.  (*Id.* at 2 citing (DE 9-5, Ex. E).)  There are no pending Bureau of Immigration Appeals pending; therefore, that order is final.[2]  On February 18, 2026, Petitioner was taken into immigration custody, where he has remained since.  (*Id.* at 3 citing (DE 9-4, Ex. D).)  Respondents state that they intend to remove Petitioner to Mexico.  (*Id.* at 3 citing (DE 9-8, Ex. H at 3 ¶ 20).)  Petitioner now seeks habeas relief, arguing that his continued detention is unlawful.  (DE 1 at 6–7.)

## II.     LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

---

[2]     *See* EOIR Automated Case Information located on-line at https://acis.eoir.justice.gov/en/caseInformation.

### III.     DISCUSSION

Petitioner argues that his prolonged detention is unlawful and seeks immediate release from custody relying on *Zadvydas*.[3]  (DE 1 at 6–7.)  Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature.  (DE 9 at 4).  The Court agrees.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)).  The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final.  *Id.*  Further, detention during the removal period is mandatory.  8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns.  *Zadvydas*, 533 U.S. at 590–99.  Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute."  *Zadvydas*, 533 U.S. at 700-01.  The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal."  *Id.* at 698.  The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future."  *Id.* at 698–701.

---

[3] *Zadvydas v. Davis*, 553 U.S. 678, 701 (2001).

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701).  "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter."  *Akinwale*, 287 F.3d at 1052.  "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas.*"  *Akinwale*, 287 F.3d at 1052.  Once this showing is made, the Government must respond with evidence sufficient to rebut that showing.  *Zadvydas*, 533 U.S. at 701.  *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice.  *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in 2004.  *See* 8 U.S.C. § 1231(a).  Petitioner has remained in immigration custody since February 18, 2026.  On March 19, 2026, the Petition was filed.  (DE 1 at 8.)  Because Petitioner remains inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable.  Thus, his continued detention falls short of the time required to receive the benefit of *Zadvydas.*  The *Zadvydas* period *must* have expired at the time he filed the Petition, and not at the time a habeas petition is ruled on by the Court.  *See Akinwale*, 287 F.3d at 1051.  Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[4]

---

[4] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **August 19, 2026** (six months after being taken into immigration custody) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future.  *See Akinwale*, 287 F.3d at 1050.

## IV.   CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Amended Petition for Writ of Habeas Corpus (DE 5) is **DISMISSED WITHOUT PREJUDICE** as premature.  If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. All pending motions not otherwise ruled upon are **DENIED as moot.**

3. The Clerk of Court **SHALL** mail a copy of this Order to the Petitioner at the addresses listed below and note the docket that this has been accomplished, as ordered.

4. The Clerk of Court **SHALL** close this case.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 5th day of August, 2026.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

**Angel J. Nunez del Pozo,** *Pro Se*
Alien # 074-128-543
Florida Soft Side South
Inmate Mail/Parcels
54575 Tamiami Trail E NA
Ochopee, FL  34141
(Address of Record)

**Angel J. Nunez del Pozo,** *Pro Se*
Alien # 074-128-543
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194
(Latest Address of Record, *See* (DE 11))

**H. Ron Davidson, AUSA**
United States Attorney's Office
Southern District of Florida
99 N.E. 4th Street, 3rd Floor
Miami, FL 33132
Email:  h.ron.davidson@usdoj.gov